Metropolitan Convoy Corporation, Plaintiff, *v.* City of New York et al., Defendants.

Supreme Court, Special Term, New York County, September 14, 1955.

*Warren Max Deutsch* for plaintiff.

*Peter Campbell Brown, Corporation Counsel (Morris L. Heath* and *Morris Jacobson* of counsel), for defendants.

Walter, J. Plaintiff, a Pennsylvania corporation which, for hire and as a business, regularly and systematically transports automobiles from Buffalo, New York, Cleveland, Ohio, and Detroit, Michigan to points in Pennsylvania, New Jersey and New York, including New York City, by means of semitrailers drawn by truck tractors, brings this action to obtain a declaration that it is not subject to the New York City motor use tax imposed by Local Law No. 59 of 1952, by which title E was inserted in chapter 46 of the Administrative Code of the City of New York; and to recover back such of those taxes as it has paid.

When plaintiff is asked by a customer to transport automobiles, it sends an empty trailer from its garage in Clarks Summit, Pennsylvania to Buffalo, Cleveland, or Detroit, there loads the automobiles on the trailer, then causes its truck tractor to draw the loaded trailer to the point of destination, which frequently is in New York City; the automobiles are then

unloaded from the trailer, and the empty trailer is then drawn by the same truck tractor back to plaintiff's garage in Clarks Summit, Pennsylvania. In short, therefore, plaintiff is an interstate motor carrier.

I heretofore have held that this motor use tax is a tax on the use of New York City's streets, not a tax on the privilege of carrying on interstate commerce, and is not unconstitutional as an unreasonable burden upon or a discrimination against such commerce; that the tax is one which the Legislature has authorized the city to impose; and that it is not in violation of tax limitations contained in the Vehicle and Traffic Law (*McLean Trucking Co.* v. *City of New York,* 202 Misc. 604). But that case did not present the question now posed by this plaintiff's contention that it is not subject to the tax because its vehicles are not within the statutory description of the vehicles subjected to the tax — that is, that plaintiff's vehicles are not "commercial motor vehicles used principally in connection with a business carried on within the" city (L. 1947, ch. 278, as amd.; Local Laws, 1952, No. 59 of City of New York; Administrative Code, §§ E46–1.0, E46–2.0).

Plaintiff's vehicles concededly are commercial motor vehicles, they concededly use the streets of New York City, and they concededly are used exclusively, not merely principally, in connection with a business. The question for decision, therefore, is not whether plaintiff's business is principally carried on in New York City, as plaintiff seems to assume, but whether the business in which plaintiff's vehicles are used, viz., the business of delivery in New York City of automobiles which are hauled to the city from points outside the city, is a business which is carried on within the city.

It seems to me quite obvious that it is.

Even though plaintiff's business as a whole be completely interstate, and even though the principal part of plaintiff's business activities be carried on in Pennsylvania, Buffalo, Cleveland, or Detroit, or on Pennsylvania or New York State roads between those points, it still remains entirely clear to me that the regular, continuous, and systematic delivery of automobiles in New York City, for hire and as a business, is a business carried on within the city, and is not rendered less so by the fact that all the automobiles so delivered are all brought from points far distant from the city and from States other than New York, or the fact that the delivery in New York City is the performance of only one part of an entire contract to pick up the automobiles at distant points and haul them many miles to

New York City and then deliver them to the consignees in New York City.

For that reason alone, therefore, plaintiff is subject to the tax, entirely irrespective of the facts that it has an executive office in New York City, keeps its business records here, and maintains bank accounts here, or the fact that its receipts for deliveries made in New York City are approximately 65% of its total receipts for all deliveries made everywhere.

As plaintiff is subject to the tax, it is not entitled to recover back any part of the taxes it already has paid; and it hence is unnecessary to consider whether, if it were not liable, it yet would be precluded from recovering them back because of a failure to protest or because of the " refund " provisions of the local law.

Plaintiff thus is not entitled to the judgment it seeks, but the case in my opinion is an appropriate one for a declaratory judgment and therefore the judgment will be, not that the complaint be dismissed, but that plaintiff is subject to the tax and is not entitled to recover back any part of the taxes it has paid. I direct the entry of judgment accordingly, but without costs.

The foregoing constitutes the decision required by the Civil Practice Act and judgment is to be entered thereon.